UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOANNA RIDDLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-cv-00518-TWP-DKL |
| | ) |
| KNOWLEDGE UNIVERSE EDUCATION LLC, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON MOTIONS TO DISMISS

This matter is before the Court on Defendant Knowledge Universe Education LLC's ("Knowledge Universe") Motion to Dismiss Plaintiff's Amended Complaint[1] (Dkt. 16). Plaintiff Joanna Riddle ("Ms. Riddle") filed a three count Amended Complaint alleging violations of the Family Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA") (Dkt. 14). For the reasons set forth below, Knowledge Universe's Motion is **DENIED**.

## I. BACKGROUND

The following facts from Ms. Riddle's Amended Complaint are accepted as true, and all favorable inferences are drawn in favor of Ms. Riddle for purposes of this motion to dismiss. *See Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007). Ms. Riddle worked for Knowledge Universe from about October 5, 1999 until she was terminated on April 23, 2012. At the time of her termination Ms. Riddle was employed as a Director at Knowledge Universe's KinderCare Learning Center located in Indianapolis, Indiana.

---

[1] There is also a pending Motion to Dismiss Ms. Riddle's original complaint (Dkt. 11). "An amended complaint becomes controlling once it is filed because the prior pleading is withdrawn by operation of law." *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11-CV-265, 2011 WL 6887731, at *1 (N.D. Ind. Dec. 22, 2011) (citing *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir.2008)). Therefore, Knowledge Universe's first Motion to Dismiss is **DENIED AS MOOT**.

On or about May 10, 2011, Ms. Riddle suffered a burn injury and was granted intermittent leave under FMLA. Ms. Riddle alleges that while she was still on leave the week of July 25, 2011, her district manager called a meeting to speak to the employees who reported to Ms. Riddle and informed them that Ms. Riddle would not be allowed to return to her former position and would be replaced. Upon Ms. Riddle's return on October 2, 2011, she was suspended for seven days for an incident that occurred while she was on FMLA leave. She was also placed on a work improvement plan and charged vacation time for days she had actually worked. Ms. Riddle filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 27, 2012, alleging discrimination under the ADA and also mentioning Knowledge Universe's alleged FMLA violations. After Ms. Riddle filed her charge of discrimination, her manager treated her in a hostile manner and reported to other employees that Ms. Riddle must have a drug and alcohol problem. Ms. Riddle was then terminated on April 23, 2012. Ms. Riddle filed an EEOC charge of retaliation on or about May 16, 2012, alleging that she was terminated for filing the previous EEOC discrimination charge. Ms. Riddle asserts that Knowledge Universe denied her the benefits and protections of the FMLA when it attempted to replace her while she was on leave and subsequently disciplined her upon her return. Ms. Riddle further alleges that she was terminated from her employment following her medical leave. Finally, she asserts Knowledge Universe treated her in a hostile manner and then terminated her after she filed her charge of discrimination with the EEOC.

Ms. Riddle filed her original Complaint on March 27, 2013 (Dkt. 1). Knowledge Universe filed a Motion to Dismiss on May 21, 2013, asserting Ms. Riddle failed to identify facts that could state a claim for relief that was plausible on its face (Dkt. 11). On June 10, 2013, Ms.

Riddle filed her Amended Complaint, and Knowledge Universe filed this present motion alleging the same deficiencies in Ms. Riddle's Amended Complaint.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mosley v. Klincar*, 947 F.2d 1338, 1339 (7th Cir. 1991). The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," (Fed. R. Civ. P. 8(a)(2)), and there is no need for detailed factual allegations. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citation omitted). Nevertheless, the statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations and quotations omitted). "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth*, 507 F.3d at 618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. DISCUSSION

Knowledge Universe asserts that Ms. Riddle provides "no facts" to support her FMLA and retaliation claims and asserts that it cannot tell from the complaint the legal basis for Ms. Riddle's claims. However, the majority of Knowledge Universe's arguments are more appropriate for a summary judgment motion, not a motion to dismiss. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the merits of the lawsuit." *Franklin United Methodist Home, Inc. v. Lancaster Pollard & Co.*, No. 1:10-CV-01086-RLY, 2012 WL 4358736, at *1 (S.D. Ind. Sept. 21, 2012) (citing *United States v. Clark*

*Cnty., Ind.*, 113 F. Supp. 2d 1286, 1290 (S.D. Ind. 2000)). Ms. Riddle's Amended Complaint adequately provides Knowledge Universe notice of the claims asserted against it and the facts underlying such claims, including: 1) she was employed by Knowledge Universe; 2) she requested and took FMLA leave; 3) she was suspended, disciplined, and improperly charged with vacation time upon return from FMLA; 4) she filed an EEOC complaint alleging violations of the ADA and FMLA; and 5) she was terminated. Contrary to Knowledge Universe's assertions, the Amended Complaint sets forth who allegedly discriminated against her, when it occurred, the nature of the discrimination she alleges, the nature of her protected activity, and the resulting adverse actions. *See* Dkt. 14 at 2, ¶¶ 6-13. Knowledge Universe's argument that Ms. Riddle failed to support her claims with adequate factual allegations is without merit.

Knowledge Universe's argument that Count III of Ms. Riddle's Amended Complaint is unsupported by a recognized legal theory is also without merit. First and foremost, paragraph 27 clearly states, "Plaintiff incorporates by reference paragraphs one through twenty-six." Dkt. 14 at 4, ¶ 27. As if this were not sufficient to place Knowledge Universe on notice that Ms. Riddle's claim was being brought under FMLA or the ADA, as well as the factual allegations supporting it, the following paragraphs explicitly state that she was terminated after she alleged violations of her rights under the ADA by filing a charge of discrimination with the EEOC. Dkt. 14 at 4, ¶28-30. Nothing more is required under *Twombly*.

Finally, with regard to Knowledge Universe's argument that Ms. Riddle's claim of retaliation under the ADA should be dismissed as untimely, this argument also has no merit. Knowledge Universe makes the argument that the Amended Complaint does not relate back to the original complaint without citing to any supporting case law or other reason why Federal Rule of Civil Procedure 15 does not apply in this situation. "An amendment to a pleading relates

back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Fed. R. Civ. P. 15. Ms. Riddle's original complaint did put Knowledge Universe on notice that she was asserting a claim of retaliation for filing an EEOC charge alleging that she was discriminated against on the basis of disability or perceived disability, so the ADA retaliation claim is not new to the Amended Complaint. *See* Dkt 1 at 2, ¶ 11; 4, ¶ 28. The Court finds that Ms. Riddle's Amended Complaint relates back to her original complaint, thus her ADA retaliation claim is timely.

## IV. <u>CONCLUSION</u>

For the forgoing reasons, Knowledge Universe's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 16) is **DENIED**, and its original Motion to Dismiss (Dkt. 11) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: 02/18/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

David M. Henn
HENN LAW FIRM P.C.
david.henn@HHCFirm.com

Paul J. Cummings
HENN LAW FIRM PC
Paul.Cummings@HHCFirm.com

Thomas E. Deer
OGLETREE DEAKINS
thomas.deer@ogletreedeakins.com

Michelle R. Maslowski
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
michelle.maslowski@ogletreedeakins.com